**Case No. 21-11328**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

◆

### MARIUS BROWN,

Appellant-Plaintiff,

v.

### WRIGLEY MANUFACTURING COMPANY, LLC, MATT ARENDS, and FRANK SLOTTERBACK,

Appellees-Defendants.

◆

**On Appeal from the United States District Court for the
Northern District of Georgia
Atlanta Division
2:18-CV-00141-RWS**

---

### APPELLANT'S REPLY BRIEF

---

**Attorney for Appellant-Plaintiff:**
**Regina S. Molden**
**Georgia Bar No. 515454**
**T. Orlando Pearson**
**Georgia Bar No. 180406**
**Peachtree Center – Harris Tower, Suite 1245**
**233 Peachtree Street, NE**
**Atlanta, Georgia 30303**
**Telephone:  (404) 324-4500**
**Facsimile:  (404) 324-4501**
**Email:  rmolden@moldenlaw.com**
**Email:  topearson@moldenlaw.com**

**August 17, 2021**

---

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

COMES NOW Appellant-Plaintiff Marius Brown ("Brown" or "Appellant") and, pursuant to Rule of the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit Rule") 26.1, certifies that, to the best of Brown's knowledge, the following is a complete list of the persons and entities that have an interest in the outcome of the above-captioned case:

Arends, Matthew

Brown, Marius

Choi, Hee Won, Former Counsel for Plaintiff-Appellant

Cooper, Maryfrances T., Counsel for Defendants-Appellees

Davis, Thomas R., Counsel for Defendants-Appellees

Fuller, Clay J., U.S. Magistrate Judge, Northern District of Georgia

Gallagher, Laura B., Counsel for Defendants-Appellees

Jennings, Kathleen J., Counsel for Defendants-Appellees

Klein, Rhonda L., Counsel for Defendants-Appellees

Mars, Incorporated

Molden, Regina S., Counsel for Plaintiff-Appellant

Pearson, Todd Orlando, Counsel for Plaintiff-Appellant

Slotterback, Frank

Story, Richard W., U.S. District Judge, Northern District of Georgia

Wm. Wrigley Jr. Company, Inc.

Wrigley Jr. Company, Inc.

Wrigley Manufacturing Company, LLC

Brown certifies that, to the best of Brown's and Counsel's knowledge, no publicly traded company or corporation has an interest in the outcome of this case or appeal.

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

# **TABLE OF CONTENTS**

Table of Contents    4

Table of Citations    5

Argument and Citations of Authority    7

    A. District Court Erred When Weighing and Disregarding Evidence    7

    B. District Court Erred When Concluding Record Lacked    9
       Significantly Probative Evidence of Intentional Discrimination

    C. District Court Erred When Concluding Brown Failed to Establish    13
       *Prima Facie* Retaliation Claims

    D. District Court Erred When Concluding Brown Failed to Establish a    17
       Convincing Mosaic of Evidencing Showing Discriminatory Intent

Conclusion    18

Certificates of Compliance    20-21

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

# **TABLE OF CITATIONS**

| **Statutes and Constitutional Provisions** | **Pages** |
|---|---|
| 42 U.S.C. § 1981 | 13 |
| 42 U.S.C. § 2000e | 13 |

| **Rules of the Eleventh Circuit** | **Pages** |
|---|---|
| Rule 26.1 | 1 |

| **Supreme Circuit Authority** | **Pages** |
|---|---|
| Interstate Commerce Com v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 107 S. Ct. 2360 (1987) | 7 |
| McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973) | 18 |

| **Eleventh Circuit Authority** | **Pages** |
|---|---|
| Chapman v. AI Transport, 229 F.3d 1012 (11th Cir. 2000) | 12 |
| Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249 (11th Cir. 2012) | 13 |
| Crawford v. Carroll, 529 F.3d 961 (11th Cir. 2008) | 13 |
| Lewis v. Union City, 934 F.3d 1169 (11th Cir. 2019) | 18 |
| Paul v. Americold Logistics, LLC, 450 Fed. Appx. 850 (11th Cir. 2012) | 11-12 |
| Pennington v. Huntsville, 261 F.3d 1262 (11th Cir. 2001) | 14 |
| Sledge v. Goodyear Dunlop Tires N. Am. Ltd., 275 F.3d 1014 (11th Cir. 2001) | 8 |

**<u>Eleventh Circuit Authority (continued)</u>**                                        **<u>Pages</u>**

<u>Smith v. Lockheed-Martin</u>,                                                                        18
644 .3d 1321 (11th Cir. 2011)

<u>Taylor v. Cardiovascular Specialists, P.C.</u>,                                     15-16
No. 1:11-CV-4521-TCB-RGV, 2013 U.S. Dist. Lexis 186090
(N.D. Ga. Dec. 11, 2013)

<u>Turnes v. Amsouth Bank, N.A.</u>,                                                        10-11
36 F.3d 1057 (11th Cir. 1994)

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

## ARGUMENT AND CITATIONS OF AUTHORITY

**A.    The District Court Erred When Weighing and Disregarding the Evidence**

Appellees argue that, as evidenced by the 108-page Report and Recommendation, the District Court properly evaluated the evidence presented by the Parties. (App. Br., pp. 18-20). However, this is a red herring. Indeed, the length is irrelevant to the merits and/or error contained therein. Interstate Commerce Com v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 280, 107 S. Ct. 2360 (1987).

Nevertheless, Appellees contend that Brown, not Appellees, submitted subjective and self-serving statements. (App. Br., pp. 18-19). However, Browns' professional qualifications are evidenced by, *inter alia*, Brown's Bachelor's Degree (the selected candidates lacked Brown's education), the Crucial Accountability Court Certificate, performance ratings, placement on the TPM cost saving team, multiple pay increases, as well as the undisputed fact that Brown was often tasked with training the candidates selected for the positions denied to Brown. (Appx., Stmnt., Brown Aff. ¶¶ 4, 18, 22, 45, Ex. A-1, Resume, Ex. A-13, Certificate, A-43, Performance Reviews, A-44, Merit Comm. And Compensation Stmnt.; Brown Depo., pp. 10:2-24, 34:11-16, 35:1-7, 36:7-41:15, 108:23-110:4, 193:15-194:8; Da Silva Depo., pp. 83:5-6; Vento Depo., pp. 47:9-16, 60:6-12, 73:11-74:10; Da Silva Depo., pp. 83:19-22). Appellees' assertion is contradicted by the record.

Next, Appellees assert that the District Court fully discussed the evidence in the light most favorable to Brown.  (App. Br., pp. 19-20).  However, Appellees failed to address the fact that, like Sledge v. Goodyear Dunlop Tires N. Am. Ltd., 275 F.3d 1014 (11th Cir. 2001) (*per curiam*), the District Court simply accepted subjective comments, *e.g.*, "ready" and "passion," concerning Brown's interview performances and *purported* qualifications while wholly ignoring the Caucasian candidates' facial lack of basic qualifications, Appellees' use of "interim positions" outside of the Process, as well as Browns' superior qualifications and performance at the Plant. Similar to Sledge where the exam was pretext for discrimination, notwithstanding *purported* subjective interview performances evaluated by often lesser-qualified Caucasians, Brown was consistently denied lateral positions, Brown was often required to train the selected candidates, and Brown's superior education and performance clearly establish pretext.  (Appx., Stmnt., Brown Aff. ¶¶ 4, 18, 21-23, Exs. A-1, A-13, A-20, A-35, A-43, Brown Depo., pp. 10:2-24, 31:1-7, 42:22-43:3, 92:15-23, 108:23-110:4, 193:15-194:8; Da Silva Depo., pp: 34-5-7, 83:5-6; Vento Depo., pp. 47:9-16, 60:6-12, 73:11-74:10, 83:19-22).  Therefore, summary judgment was improper.

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

**B.    The District Court Erred When Concluding the Record Lacked Significantly Probative Evidence of Intentional Discrimination**

Appellees argue that the District Court properly required Brown to introduce significantly probative evidence showing that Appellees' reasons were merely pretext for discrimination and to demonstrate the proffered reasons were not true. (App. Br., pp. 20-25).   By way of example, Appellees cite to Corey Adams' ("Adams") subjective determination that Brown showed a lack of preparation or connection.  (Id. at 21).   However, this ignores the fact that Adams merely stated that Brown was not "ready" while selecting Scott Mayfield, Caucasian candidate who filled an unadvertised "interim position" without a college degree.  (Appx., Stmnt., Brown Aff. ¶ 29, Ex. A-27, Line Lead ethnicity spreadsheet, Ex. A-28 Line Lead education spreadsheet; Brown Depo., pp. 100:3-103:10, 106:7-19; Da Silva Depo., pp. 34:18-35:5, 82:9-11).

Mistakenly, Appellees rely on Turnes v. Amsouth Bank, N.A., 36 F.3d 1057 (11th Cir. 1994) for the proposition Appellees met its "exceedingly light" burden of production concerning the required legitimate, non-discriminatory reasons.  (App. Br., p. 21).  However, like Turnes where summary judgment was reversed, Brown created a genuine issue of fact when presenting evidence that Wrigley does not strictly adhere to the Policy while utilizing unadvertised "interim positions."  (E.g., Appx., Stmnt., Brown Aff. ¶¶ 29-30, Exs. A-27, A-28, Brown Depo., pp. 106:7-19;

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

Da Silva Depo., pp. 34:18-35:5, 38:15-20, 82:9-11). Simply put, <u>Turnes</u> supports reversal of summary judgment.

Next, Appellees contend that it presented a substantiated reason for the refusal to interview for the March 2017 Day Shift Lead position—conflict management concerns—and that the District Court correctly concluded that Brown did not refute the truth of this reason. (App. Br., pp. 21-23). However, Slotterback's *purported* belief is unworthy of credibility because Brown was not authorized to remedy associate issues. (Appx., Stmnt., Brown Aff. ¶ 45, Ex. A-43, Performance Reviews; Brown Depo., pp. 35:1-7; Vento Depo., pp. 60:6-12; Da Silva Depo., pp. 83:19-22). Nevertheless, in May 2016, Brown completed the Crucial Accountability Course. (<u>Id.</u>, Brown Aff. ¶ 18, Ex. A-13, Certificate). And, when evaluating the Shift Leads impacted by the restructuring, Slotterback rated Brown the highest with respect to "conflict management." (<u>Id.</u>, Brown Aff. ¶ 21; Da Silva Depo., pp. 78:5-20). Nevertheless, Courtney McWaine selected David Ammons ("Ammons")—Caucasian with a high school education, (<u>Id.</u>, Brown Aff. ¶ 23, Ex. A-21, Line Lead ethnicity spreadsheet, Ex. A-22, Line Lead education spreadsheet; Brown Depo., pp. 95:14-96:8; Da Silva Depo., pp. 32:21-25, 34:8-9, 82:24-83:1), despite the fact that the position preferred a two-year associates or technical degree. (<u>Id.</u>, Brown Aff. ¶ 23, Ex. A-10, Shift Lead Job Description; Da Silva Depo., pp. 82:24-83:1).

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

     Appellees then assert Brown overstates his qualifications and that the District Court considered Brown's Bachelor's degree. (App. Br., pp. 23-24). Although the District Court recognized Brown's education, the District Court seemed to lend no weight to the fact that Appellees consistently promoted Caucasian candidates without a college education despite descriptions preferring college degrees. (Appx., Stmnt., Brown Aff. ¶¶ 16, 49, Ex. A-4, Brown Depo., pp. 181:20-182:15, 184:11-25, Vento Depo., pp. 82:18-83:13, 96:24-97:20, Da Silva Depo., pp. 82:14-17, 83:2-4). Despite requiring a Bachelor's degree, certain experience, and other qualifications for management positions, to cater to Caucasian candidates, Wrigley stopped requiring a Bachelor's degree for management positions. (Id., Brown Aff. ¶ 49; Brown Depo., pp. 181:20-182:15, 184:11-25). Although Line Leaders preferably possess a Bachelor's degree, Slotterback, Sexton, and Collins served as a Line Leader without a college degree. (Id., Brown Aff. ¶ 49, Ex. A-4, Line Leader Job Description; Da Silva Depo., pp. 82:14-17, 83:2-4).

     Mistakenly, Appellees rely upon Paul v. Americold Logistics, LLC, 450 Fed. Appx. 850 (11th Cir. 2012) for the proposition that the District Court properly concluded the selected candidates were not less qualified than Brown. In Paul, the plaintiff offered inadmissible unsworn testimony and failed to establish the employer used informal means to promote the other candidates. Id. at 853. However, Brown relied upon his affidavit, sworn deposition testimony, and other admissible evidence

when opposing the motion for summary judgment. (Appx., Stmnt.). And, the record clearly established that, although not referenced in the Process, Wrigley utilized "interim positions" to give Caucasian candidates an advantage leading to their promotions over Brown. (Id., Brown Aff. ¶¶ 13-14, Ex. A-8, Process; Brown Depo., pp. 42:9-20, 79:21-80:9, 81:10-17, 188:6-189:5; Vento Depo., pp. 52:16-54:9, 54:24-56:3; Da Silva Depo., pp. 38:25-39:21, 40:21-41:1). Paul is not dispositive.

Like the District Court, Appellees attempt to distance themselves from the self-admitted culture of exclusion. (App. Br., pp. 24-25). Nevertheless, following multiple complaints about discrimination, the Inclusion and Diversity Team conducted an Inclusion Survey ("Survey"). (Appx., Stmnt., Brown Aff. ¶ 40, Ex. A-39, E-mail and Survey). And, Wrigley's Human Resources noted the need to promote a culture of inclusion, which does not exist at the Plant. (Id., Brown Aff. ¶ 40, Ex. A-40, Grievance and Complaint Spreadsheet; Vento Depo., pp. 123:1-124:19). Even Human Resources recognizes the history of discrimination at the Plant.

Finally, Appellees assert that the District Court properly relied upon Chapman v. AI Transport, 229 F.3d 1012 (11th Cir. 2000) for the proposition that Brown cannot substitute his business judgment for that of the employer. In Chapman, although the employer cited the plaintiff's lack of loyalty to employers while the plaintiff cited to client loyalty. Id. at 1031-33. However, as outlined in Appellant's

Brief, Brown has addressed each of Appellees' preferred reasons and directly contradicted the specific reasons without simply quarrelling with business judgment.

## C.    The District Court Erred When Concluding Brown Failed to Establish *Prima Facie* Retaliation Claims

Appellees argue that the District Court properly dismissed the retaliation claim because Brown did not communicate the belief of discrimination, there was no causal connection between the complaints and the adverse actions, and Brown failed to establish pretext. (App. Br., pp. 25-32). However, Title VII and Section 1981 retaliation claims require a showing that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1258 (11th Cir. 2012); Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008). The record creates a question of fact concerning the retaliation claims.

Appellees argue that Brown overstates the record concerning the April 2017 meeting, mischaracterizes the January 2018 complaint, and never discussed race in the January 2018 meeting. (App. Br., pp. 27-28). However, on April 4, 2017, Brown filed a racial discrimination complaint, resulting in related discussions with Domingues, Slotterback, and Arends. (Appx., Stmnt., Brown Aff. ¶¶ 26-27, Ex. A-24, Meeting Email, Ex. A-25, Spreadsheet Concerning Brown's Complaint and the

My P&O response, Ex. A-26, Brown's E-mail re Meeting with Arends; Brown

Depo., pp. 111:15-114:10, 119:9-122:22, 124:2-10, 127:1-10, 128:23-133:11).

Assuming, *arguendo*, Brown did not use the word "race" during April 2017

meeting(s), a complaint need only "reasonably convey" opposition to discrimination

based upon race. Pennington v. Huntsville, 261 F.3d 1262, 1265 n.1 (11th Cir.

2001). Likewise, Brown submitted a safety complaint based upon retaliation

following complaints of discriminatory employment practices. (Appx., Stmnt.,

Brown Aff. ¶ 35; Brown Depo., pp. 142:3-5). Again, because the complaint arose

from retaliation and discriminatory employment practices, the complaint constituted

a protected activity. Finally, despite Appellees' assertions, there was evidence the

Brown complained about, *inter alia*, the denial of applications due to race and the

lack of minorities in leadership and Slotterback specifically referenced leadership's

disappointment with Brown's complaints. (Id., Brown Aff. ¶¶ 27, 35, Ex. A-26,

Brown's E-mail re Meeting with Arends; Brown Depo., pp. 127:1-10, 142:3-5).

Ultimately, the record evidences that, throughout the relevant period, Brown

repeatedly complained to management and HR concerning discriminatory

employment practices and retaliation. There was a question of fact concerning

whether Brown engaged in protected activities.

Next, Appellees argue that the District Court correctly concluded there was

no causal connection due to time between the complaints and the adverse actions.

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

(App. Br., pp. 29-30).  However, Appellees ignore the fact that, where temporal proximity is lacking, causation may be inferred from a systemic retaliatory campaign.  <u>Taylor v. Cardiovascular Specialists, P.C.</u>, No. 1:11-CV-4521-TCB-RGV, 2013 U.S. Dist. Lexis 186090 (N.D. Ga. Dec. 11, 2013).  As outlined in Appellant's Brief, following Brown's complaints, Appellees engaged in a retaliatory campaign.  Thus, timing is irrelevant.

Appellees then contend that the District Court appropriately dismissed Brown's allegations of tainted performance reviews, safety concerns, and increased workloads.  (App. Br., pp. 30-31).  However, following Brown's complaints from April 2017 to January 2018, Appellees denied applications in May 2017, December 2017, and January 2018 while increasing workload, prohibiting overtime, denying professional assistance, tainting reviews, and denying applications.  (Appx., Stmnt., Brown Aff. ¶¶ 26-27, 29-31, 33, 35, Exs. A-24, A-26, A-29, A-30, A-31, A-34; Brown Depo., pp. 94:16-95:13, 97:12-23, 100:3-102:2, 111:15-114:10, 119:9-18, 124:11-126:3, 127:1-10, 142:3-146:6, 175:2-23, 190:2-192:23; Da Silva Depo., pp. 35:19-36:6, 38:15-17, 82:1-17).  While stating that a "meets expectations" does not constitute taint, the District Court then contradictorily states that the same rating constituted an overstatement of job performance.  (Order, p. 6).  Similarly, although the District Court concluded Slotterback had no knowledge of Brown's complaints when denying overtime, the record established that after Brown's January 2018

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

complaint, Slotterback stated that the whole leadership team was disappointed—clearly Slotterback was aware of Brown's ongoing complaints. (Appx., Stmnt., Brown Aff. ¶ 35; Brown Depo., pp. 146:7-148:10). Appellees make no argument concerning Brown's safety concerns.

In a conclusory fashion, Appellees assert that the District Court properly dismissed Slotterback's expression of disappointment and the Inclusion Survey. (App. Br., p. 31). However, Slotterback's expression of disappointment followed Brown's complaint about racial discrimination. (Appx., Stmnt., Brown Aff. ¶ 35; Brown Depo., pp. 146:7-148:10). Although managements' disappointment with Brown's complaints may not facially constitute an adverse action, the temporal proximity of Slotterback's statements with Brown's complaints and the other adverse employment actions clearly evidence retaliatory animus. Similarly, the Survey arose from several complaints of unlawful employment practices. (Id., Vento Depo., pp. 123:1-124:19, Ex. 12, Complaint Spreadsheet).

Next, Appellees argue that the District Court properly concluded that there was no causal connection between the 2018 TAB Department restructuring (demotion) due to the expiration of time and the lack of knowledge by those involved in the restructuring. (App. Br., pp. 31-32). However, as previously discussed, the ongoing retaliatory campaign renders the passage of time irrelevant. Taylor, 2013 U.S. Dist. Lexis 186090. Moreover, putting aside the fact that Brown had been

<u>Brown v. Wrigley Manufacturing Company, LLC, *et al.*</u>, No. 21-11328
Appellant's Reply Brief

constantly complaining to HR and management about unlawful employment practices, Slotterback specifically referenced leadership's disappointment with Brown's complaints.  (Appx., Stmnt., Brown Aff. ¶¶ 27, 35, Ex. A-26, Brown's E-mail re Meeting with Arends; Brown Depo., pp. 127:1-10, 142:3-5).  Indeed, a question of fact exists.

Then, Appellees assert, in a conclusory fashion, that the District Court properly concluded Brown was unable to establish pretext.  (App. Br., p. 32).  However, the District Court disregarded the blatant racial component to the restructuring, resulting in demotion or separation of only minority shift leads while Caucasians like Bowman and Slotterback were accommodated.  (Appx., Stmnt., Brown Aff. ¶ 43).  Similarly, Brown's evaluators did not supervise Brown and, thus, the evaluations could not be performance-based.  (<u>Id.</u>, Da Silva Depo., pp. 72:8-73:13).  Finally, because Slotterback told Brown that the Shift would be displaced, (<u>Id.</u>, Brown Aff. ¶ 42; Brown Depo., pp. 157:6-163:6), Brown had no choice but to accept demotion.  Appellees simply failed to address the weaknesses, implausibility, inconsistencies, and contradictions in the record.

## D.    The District Court Erred When Concluding Brown Failed to Establish a Convincing Mosaic of Evidence Showing Discriminatory Intent

Finally, Appellees argue that the District Court properly rejected the convincing mosaic argument based upon the same facts supporting the claims, plus

evidence of systemic discrimination at the Plant, and that the noose recently placed near Brown's workstation is an inflammatory mischaracterization. (App. Br., pp. 32-34). However, a plaintiff may raise a reasonable inference of discriminatory intent through various forms of circumstantial evidence. Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). The fact that Brown cited to the same evidence when arguing the McDonnell Douglas framework and the convincing mosaic is a red herring because plaintiffs may point to the same evidence when making both arguments. Lewis v. Union City, 934 F.3d 1169, 1185 (11th Cir. 2019). And, despite Appellees' assertions, within days of Brown's July 10, 2020 deposition, a noose was found, for the first time, in the washroom near Brown's work area. (Appx., Stmnt., Brown Aff. ¶ 42). Simply put, when viewed as a whole the record suspicious timing of adverse actions, ambiguous statements concerning Brown, systematic better treatment of Caucasian candidates, and blatant pretext established sufficient evidence of discriminatory intent to defeat summary judgment.

## CONCLUSION

Rather than address the arguments raised in Appellant's Brief, Appellees essentially assert, in a conclusory fashion, the District Court's order was correct. This runs afoul of the purpose of briefing, which is to point out to the Court, and to rebut when possible, arguments raised in Appellant's Brief. Nevertheless, for the reasons articulated herein, in the Appellant's Brief, as well as those fully articulated

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

in the Objection to Final Report and Recommendation, Brown respectfully requests

that the Court reverse the District Court's Order granting Defendants-Appellees'

Motion for Summary Judgment and remand the above-captioned case to the District

Court with instructions to deny the motion and permit the above-captioned case to

proceed to trial.

Respectfully submitted this 17th day of August, 2021.

MOLDEN & ASSOCIATES

REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (facsimile)
Email: rmolden@moldenlaw.com
Email: topearson@moldenlaw.com

*Counsel for Appellant-Plaintiff Marius Brown*

Brown v. Wrigley Manufacturing Company, LLC, *et al.*, No. 21-11328
Appellant's Reply Brief

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE, AND TYPE-STYLE REQUIREMENTS

This document complies with the requirements in Appellate Rule 32 because, excluding the parts of the document exempted by Appellate Rule 32(f), this document contains, as indicated by Microsoft Word, approximately 2603 words in 14-point Times New Roman Font.

Respectfully submitted this 17th day of August, 2021.

MOLDEN & ASSOCIATES

REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
 (404) 324-4500
(404) 324-4501 (facsimile)
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com

*Counsel for Plaintiff-Appellant Marius Brown*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I certify that

I have served a true and correct copy of the within and foregoing on all parties by

CM/ECF and/or United States Mail as follows:

Respectfully submitted this 17th day of August, 2021.

MOLDEN & ASSOCIATES

REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
 (404) 324-4500
(404) 324-4501 (facsimile)
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com

*Counsel for Plaintiff-Appellant Marius Brown*